IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHELLE MARIE HUGHES,

    Plaintiff,

v.

THE DEPARTMENT OF HEALTH
AND HUMAN SERVIES, et al.,

    Defendants.

OPINION & ORDER

Case No. 17-cv-90-wmc

Plaintiff Michelle Hughes filed a proposed civil complaint, in which she repeats numerous claims against various public entities and officials that she attempted to pursue in another lawsuit before this court. Because Hughes is proceeding without prepayment of the filing fee, the court is required to screen the complaint under 28 U.S.C. § 1915 to determine whether she may proceed with the case. As a *pro se* litigant, she is held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a relaxed pleading standard, however, Hughes may not proceed on her claims in this court.

OPINION

Hughes's proposed complaint repeats all of the claims that she attempted to bring in *Hughes v. Dane County Sheriffs*, Case No. 15-cv-465, dkt. #10 (W.D. Wis. July 20, 2017) ("the '465 case"). In that case, as well as in her current complaint, Hughes outlines numerous claims -- fraud, identity theft, medical malpractice, police misconduct, malicious prosecution, double jeopardy and various civil rights violations -- most of which are

insufficiently related to each other and void of sufficient facts to overcome a motion to dismiss. Like in the '465 case, Hughes's allegations in this complaint arise from multiple narratives, including:

1. **Identity theft and fraud.** Michelle alleges that her ex-husband Kenneth's mother Betty, who worked at the Dane County Circuit Court, has stolen Kenneth's identity since birth, and that Betty, Kenneth and Michelle's sister, Cari, have been committing various crimes involving identity theft and fraud since then. First, by virtue of unestablished paternity and an informal adoption, Kenneth has held himself out under three different surnames: Prochnow, Kozubek and Hughes. Second, when Michelle and Kenneth were married in 1997, Kenneth used the last name Hughes even though his legal last name was Kozubek. While Kenneth and Michelle are now divorced, Michelle suggests that the divorce proceeding was invalid. Third, when Michelle took Kenneth's last name, Michelle's sister Cari then stole her identity by changing her name to Michelle Marie Crossman. Michelle believes that Betty, Kenneth and Cari have been committing tax fraud and defrauding various state and federal benefit programs.

2. **Custody, placement and legal status of children.** Hughes includes various allegations related to the physical custody of her niece "L." Hughes also includes various parental right-type claims related to L and her own biological children. Apparently as a function of their stolen identities, Betty caused Kenneth and Michelle's biological children to be recorded in the Jefferson County Register of Deeds incorrectly. Michelle attaches various documents related to Michelle's apparent efforts to complain to Jefferson County about fraud and identity theft, as well as her attempt to correct the name changes with the State of Wisconsin.

   These allegations are paired with a theory that her sister Cari gave birth to "L," who is actually biologically Michelle's and Kenneth's, by virtue of a doctor stealing her eggs during a procedure. Hughes also alleges that Cari's parental rights were terminated in 2015. As such, while Hughes appears to be seeking to include an additional challenge to the accuracy of the birth certificates of all her biological children, Hughes appears to continue to pursue a challenge to L's 2013 placement as well, now possibly under a theory that Hughes is L's biological mother, not her aunt.

3. **Kenneth's October 2014 arrest.** On October 8, 2014, Hughes called the non-emergency number at the Dane County Sheriff's Office. The details surrounding that phone call are unclear, but apparently it resulted in Kenneth being arrested that same day and charged with three counts of domestic disorderly conduct, then released. During this time, the police also allegedly pressured Hughes to

agree to seek a temporary restraining order against Kenneth. On January 5, 2015, the charges against Kenneth were dismissed, although it appears that this arrest may have started a chain of events that led to L's change in physical placement and ultimately termination of Cari's parental rights. Hughes purports to bring claims of police misconduct, excessive force, false imprisonment, malicious prosecution and double jeopardy related to this incident.

This court dismissed the amended complaint filed in the '465 case pursuant to Federal Rule of Civil Procedure 8 and because many of the claims outlined in the amended complaint challenged state court proceedings and thus were barred under the *Rooker-Feldman* doctrine. While the court gave Hughes the opportunity to correct the deficiencies in the complaint, Hughes did not amend her complaint. As such, the court dismissed the '465 case with prejudice. *Id.*, dkt. #13.

In this case, given that Hughes continues to assert the same three narratives described above, the court is bound to dismiss this case as well, and for the same reasons. As such, the court incorporates by reference its decisions from the '465 case, *see id.*, dkt. ##9, 12, 13, and will dismiss this case with prejudice. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata").

ORDER

IT IS ORDERED that plaintiff Michelle Hughes' complaint (dkt. #1) is DISMISSED with prejudice.

Entered this 19th day of September, 2018.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge